Zoë Dolan (Bar No. 282734)
zdolan@gmail.com
PO Box 32044
Los Angeles, CA 90032
Telephone: (347) 301-5180

Attorney for Defendant
John Doe subscriber assigned
IP address 174.67.192.119

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Strike 3 Holdings, LLC, | Case No. 19-cv-140-TJH |
| Plaintiff, | Motion Notice Date: July 8, 2019 |
| v. | |
| John Doe subscriber assigned IP address 174.67.192.119, | |
| Defendant. | |

**Motion to Quash Subpoena**
**and**
**Request to Remain Anonymous**

Table of Contents

Table of Contents…………………………………………………………………………………2

Table of Authorities……………………………………………………………………………….3

Memorandum of Law and Points of Authorities

    I.    Background……………………………………………………………………………4

    II.    The Subpoena Should Be Quashed………………………………………………..6

    III.    Doe Has Standing……………………………………………………………………8

    IV.    Conclusion…..………………………………………………………………………..8

Request To Remain Anonymous…………………………………………………………………..8

# Table of Authorities

Cases

*Arista Records, LLC v. Doe 3*,
 604 F.3d 110 (2d Cir. 2010) ................................................................................................... 8

*Fallon v. Locke, Liddell & Sapp, LLP*,
 No. 5:04-cv-3210 RMW (RS), 2005 U.S. Dist. LEXIS 46987 (N.D. Cal. Aug. 4, 2005) .......... 8

*Strike 3 Holdings, LLC v. Doe*,
 351 F. Supp. 3d 160 (D.D.C. 2018) ................................................................................... 6, 7

*Strike 3 Holdings, LLC v. Doe*,
 No. 3:18 CV 1945 (JBA), 2019 U.S. Dist. LEXIS 38986 (D. Conn. Mar. 12, 2019) ................ 7

*Televisa S.A. de C.V. v. Univision Communs., Inc.*,
 No. CV 05-3444 PSG (MANx), 2008 U.S. Dist. LEXIS 106382 (C.D. Cal. Nov. 17, 2008 ... 6

Federal Rules

Fed. R. Civ. P. 45(c)(3)(A)(iv) ................................................................................................... 6

*Memorandum of Law and Points of Authorities*

On March 12, 2019, this Court granted an ex parte application by the plaintiff, Strike 3 Holdings, LLC ("Strike 3"), for a subpoena (the "Subpoena") to obtain the name and address of the John Doe defendant ("Doe") assigned IP address 174.67.192.119 (the "IP Address"). *See* Docket Entry No. 13. For the reasons that follow, the subpoena must be quashed because it lacks temporal specifics, and, in any event, fails to provide adequate measures to ensure anonymity and privacy at this stage.

I.  Background

Familiarity with the allegations in the complaint (the "Complaint") is assumed. As the Court is aware, Strike 3 alleges that the IP Address has been associated with copyright infringement of adult motion picture content (the "Content") for which Strike 3 claims copyright protection. *See id.* at 1-2 and Exhibit A thereto. The method of infringement, according to Strike 3, revolved around use of BitTorrent, a system for distributing files over the Internet. Complaint at ¶¶ 18-24. Strike 3 claims that the IP Address correlates with 31 "hashes," which, in turn, reflect the downloading via BitTorrent of "all pieces of files" comprising various Content. *Id.*

Strike 3 asserts the infringement of 31 specific works. *See id.* and Exhibit A to the Complaint. However, it is uncertain how this Content may have been uploaded to the BitTorrent network in the first place. *See Complaint* at 29. Similarly, it is uncertain which files Strike 3 believes the IP Address may have infringed, or in what manner. *Cf. id.* at ¶ 26 ("While Defendant was [allegedly] infringing, [Strike 3's investigator] downloaded from Defendant one

4

or more pieces of the digital media files containing Strike 3's motion pictures…"); *with id.* at ¶ 27 ("A full copy of each digital media file was downloaded from the BitTorrent file distribution network…"). And, to compound these uncertainties, it appears that Strike 3 sought copyright protection only *after* the generation of hashes relating to 25 of the 31 allegedly infringed works. *See* Exhibit A.

From here, Strike 3 leaps to the conclusion that Doe "downloaded, copied, and distributed a complete copy of Plaintiff's Works…" *Id.* at 28.

Strike 3 has filed thousands of these John Doe lawsuits over the last few years.[1] "The cases are more than just vaguely titillating cocktail party fodder, they've also helped the firm earn the ire of U.S. District Judge Royce Lamberth of the District of Columbia who said . . . Strike 3, 'treats this court not as a citadel of justice, but as an ATM.'"[2] As Judge Lamberth observed:

> Strike 3 is also a copyright troll. Its swarms of lawyers hound people who allegedly watch their content through Bittorrent, an online service enabling anonymous users to share videos despite their copyright protection. Since Bittorrent masks users' identities, Strike 3 can only identify an infringing Internet protocol (IP) address, using geolocation technology to trace that address to a jurisdiction. This method is famously flawed: virtual private networks and onion routing spoof IP addresses (for good and ill); routers and other devices are unsecured; malware cracks passwords and opens backdoors; multiple people (family, roommates, guests, neighbors, etc.) share the same IP address; a geolocation service might randomly assign addresses to some general location if it cannot more specifically identify another. Simply put, inferring the person who pays the

---

[1] *See* "Biglaw Firm's Representation Of Porn Client Lands Them In Hot Water With A Judge… Again," available at https://abovethelaw.com/2019/02/fox-rothschilds-representation-of-porn-client-lands-them-in-hot-water-with-judge/?rf=1 (last visited May 20, 2019).

[2] *Id.*; *see also* "Biglaw Firm Gets Benchslapped Over Controversial Representation Of Porn Company," available at https://abovethelaw.com/2018/12/biglaw-firm-gets-benchslapped-over-controversial-representation-of-porn-company/?rf=1 (last visited May 20, 2019).

5

> cable bill illegally downloaded a specific file is even less trustworthy than inferring they watched a specific TV show. But in many cases, the method is enough to force the Internet service provider (ISP) to unmask the IP address's subscriber. And once the ISP outs the subscriber, permitting them to be served as the defendant, any future Google search of their name will turn-up associations with the websites *Vixen, Blacked, Tushy*, and *Blacked Raw*. The first two are awkward enough, but the latter two cater to even more singular tastes.

*Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160, 161-62 (D.D.C. 2018) (internal citation omitted).

II. The Subpoena Should Be Quashed.

Two principle considerations weigh in favor of quashing the Subpoena as presently formulated. First, Rule 45 of the Federal Rules of Civil Procedure allows a party to move to quash a subpoena if it subjects a person to an undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iv).

> To determine whether a subpoena constitutes an undue burden, courts balance six factors: (1) the relevance of the information requested; (2) the need of the party for production; (3) the breadth of the request for production; (4) the time period covered by the subpoena; (5) the particularity with which the subpoena describes the requested production; and (6) the burden imposed.

*Televisa S.A. de C.V. v. Univision Communs., Inc.*, No. CV 05-3444 PSG (MANx), 2008 U.S. Dist. LEXIS 106382, at *3-4 (C.D. Cal. Nov. 17, 2008).

There is no question that Strike 3 will argue it needs more information to proceed. But, in light of the considerations that Judge Lamberth has identified, the third, fourth and fifth factors militate against return of the Subpoena. The hashes at issue here range from May 2017 to December 2018; however, the subpoena authorization lacks any temporal limitation or delineations to help ensure that the alleged usage was not spoofed or backdoored. Without such specificity, the Subpoena would be overly broad on its face.

6

Second, the subpoena authorization lacks sufficient measures to preserve privacy. A potentially-noninfringing defendant's right to remain anonymous comprises reason enough to balk at Strike 3's *modus operandi*:

> Though Strike 3 admits a protective order could allow defendant to anonymously challenge the subpoena, that hardly seems fair. That drags defendant into court and foists on them the unenviable burden of hiring a lawyer or defending their reputation pro se, all before they've even been served. That's not how our system of litigation is supposed to work.

*Strike 3 Holdings, LLC*, 351 F. Supp. 3d at 165.

Even where courts have come out for Strike 3 on these subpoenas, stricter protective measures have been imposed than those currently in place in this case. For example, in addition to litigating anonymously, a Doe in one of these matters should be afforded the opportunity to maintain privacy on the Internet without fearing retaliation, coercion or other such action by Strike 3:

> The plaintiff is ordered not to disclose the defendant's name or address, or any other identifying information other than the defendant's ISP number, that plaintiff may subsequently learn. The plaintiff shall not threaten to disclose any of the defendant's identifying information. The defendant will be permitted to litigate this case anonymously unless and until this Court orders otherwise and only after the defendant has had an opportunity to challenge the disclosure. Therefore, the plaintiff is ordered not to file publicly any of the defendant's identifying information and to file under seal all documents containing the defendant's identifying information.

*Strike 3 Holdings, LLC v. Doe*, No. 3:18 CV 1945 (JBA), 2019 U.S. Dist. LEXIS 38986, at *12-13 (D. Conn. Mar. 12, 2019).

III.  Doe Has Standing.

Doe has standing to bring this motion insofar as the subpoena appears overly broad, *see Fallon v. Locke, Liddell & Sapp, LLP*, No. 5:04-cv-3210 RMW (RS), 2005 U.S. Dist. LEXIS 46987, at *4-5 (N.D. Cal. Aug. 4, 2005); and, in any event, for purposes of preserving privacy, especially at this stage of litigation, *see Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010).

IV.  Conclusion

The subpoena as currently authorized should be quashed, and protective measures should be enhanced to ensure privacy appropriate to a matter of this nature.

*Request to Remain Anonymous*

For the foregoing reasons, Doe seeks to remain anonymous in this litigation.

May 22, 2019                                                                                     s/ Zoë Dolan